SOUTHEAST FOODS, INC., d/b/a County Market *v.*
Lucy KEENER

98-417 979 S.W.2d 885

Supreme Court of Arkansas
Opinion delivered November 19, 1998

[Petition for rehearing denied December 17, 1998.]

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellant.

*Miller, James, Miller, Wyly & Hornsby, L.L.P.*, by: *Troy Hornsby*, for appellee.

D ONALD L. CORBIN, Justice. This case involves a default judgment in a negligence action. Appellant Texarkana Foods, Ltd., appeals the order of the Miller County Circuit Court refusing to set aside the default judgment in favor of Appellee Lucy Keener for injuries she sustained when she slipped and fell in the County Market grocery store in Texarkana. Appellant argues on appeal that the trial court erred (1) in refusing to set aside the default judgment for insufficient service of process, (2) in awarding attorney's fees to Appellee, and (3) in awarding judgment for an amount greater than that requested in the complaint. This case was certified to us from the Arkansas Court of Appeals; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). The issue on appeal concerns the identity and service of the proper defendant. We reverse because service was insufficient pursuant to ARCP Rule 4.

On May 1, 1996, Appellee filed her negligence complaint against "South East Foods, Inc. D/B/A County Market," in which she alleged that the defendant was a corporation registered under the laws of the State of Arkansas, with its registered agent for service being Gordon McNulty, 1200 West Park Drive, Building 2, Suite 300, Little Rock, Arkansas 72204. On January 16, 1997, Appellee's attorney filed an affidavit setting out the following steps that he had taken in attempting to serve notice of process on the defendant. The affidavit reflects in pertinent part:

> [T]hat the Affiant received for service of process a Summons, together with a file-marked copy of the Plaintiff's Original Complaint attached thereto, directed to the registered agent for service of the Defendant, Southeast Foods, Inc., d/b/a County Market, in Cause No. CIV-96-90-4 in the Circuit Court of Miller County, Arkansas; that the Affiant attempted service by certified mail, return receipt requested, but the item of mail was returned by the post office as undeliverable; that on September 18, 1996, the Affiant forwarded the returned item of mail by certified mail, return receipt requested, to the Arkansas Secretary of State, requesting that office to accept service on the Defendant's behalf, a copy of which is attached hereto as Exhibit "A"; that on September 18, 1996, the Affiant also sent a copy of the Summons and the Plaintiff's Original Complaint to PHYLLIS BURGESS, Claims Representative for LINDSEY MORDEN CLAIMS

MANAGEMENT, INC., the insurance company for the Defendant, a copy of which is attached hereto as Exhibit "B"; that on October 10, 1996, the Arkansas Secretary of State attempted service by certified mail, return receipt requested, but the item of mail was returned by the post office as undeliverable; that the Arkansas Secretary of State forwarded to the Affiant the returned item of mail, a copy of which is attached hereto as Exhibit "C"; that the Plaintiff has made diligent inquiry and it is Plaintiff's information and belief that the Defendant is a foreign corporation, having no agent in this state.

Exhibit "A" reflects that the Secretary of State's office received the certified mailing from Appellee on October 4, 1996, signed by Jana S. Milliken. Exhibit "B" reflects that the certified mailing sent to Lindsey Morden Claims Management was received on October 7, 1996, signed by Pat Whitmire.

A hearing was held on February 12, 1997, during which the trial court admitted into evidence the foregoing affidavit and attached documents and heard brief testimony from Appellee concerning the extent of her injuries. The named defendant did not appear or otherwise answer the complaint. The trial court then entered default judgment in favor of Appellee in the amount of $115,800.10, plus interest, and costs.

On July 28, 1997, Appellant filed a motion to set aside the default judgment, and later an amended motion, asserting that it, Texarkana Foods, Ltd., a Mississippi limited partnership, is the legal owner of the County Market grocery store in Texarkana. Appellant asserted that the default judgment is void because it was rendered based on an improper naming of the actual defendant and because service of process was never perfected on either the named defendant, Southeast Foods, or the intended defendant, Texarkana Foods. Appellant asserted that it was Appellee's burden to show that service was proper and done in strict compliance with Rule 4 and the relevant statutes providing for service of process on corporations.

On January 16, 1998, the trial court denied the motion to set aside the default judgment, finding that Southeast Foods, Inc., d/b/a County Market was the properly named defendant and that service was proper. Additionally, the trial court awarded Appellee

attorney's fees of $11,662.50 and costs of $30.00 incurred in defense of the default judgment. Appellant contends on appeal that the default judgment is void for want of proper service under Rule 4. We agree.

Rule 55 of the Arkansas Rules of Civil Procedure provides for entry of a default judgment when a party fails to appear or otherwise defend. *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990). Because Rule 55(a) provides that the court "may" grant a default-judgment motion in the event of failure to answer or otherwise defend, we apply an "abuse of discretion" standard in reviewing the granting of a default judgment. *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998). Default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Rule 55, as revised in 1990, reflects a preference for deciding cases on the merits rather than on technicalities. *Id.* Because of its harsh and drastic nature, which can result in the deprivation of substantial rights, a default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Meeks*, 301 Ark. 464, 785 S.W.2d 18. Rule 55(c) provides that the court may, upon motion, set aside a default judgment if the judgment is void. Where the judgment is void, proof of a meritorious defense to the cause of action is unnecessary. *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989).

Appellant argues that the trial court erred in refusing to set aside the default judgment because service of process was insufficient both as to the named defendant, Southeast Foods, and the intended defendant, Texarkana Foods. Appellant asserts that it was Appellee's burden to prove that service was proper under both the statutory law and the Arkansas Rules of Civil Procedure. We agree with Appellant and conclude that service was not obtained in a timely manner pursuant to Rule 4(i).

Service of process or a waiver of that service is necessary in order to satisfy the due process requirements of the United States Constitution. *Meeks*, 301 Ark. 464, 785 S.W.2d 18 (citing

*Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983)). Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with the requirements must be exact. *Wilburn*, 298 Ark. 461, 768 S.W.2d 531. The same reasoning applies to service requirements imposed by this court's rules. *Id.* Thus, where sufficient notice of an action has not been given, and a default judgment has been granted, a motion to set aside the judgment must be granted. *Meeks*, 301 Ark. 464, 785 S.W.2d 18. The plaintiff's attempt at service of process and notice of impending default must be measured against the extremely heavy burden imposed upon him or her. *Id.* "[J]udgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void." *Lawson v. Edmondson*, 302 Ark. 46, 50, 786 S.W.2d 823, 825 (1990) (citing *Tucker v. Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982), *overruled on other grounds, Southern Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998)).

█ Arkansas Rule of Civil Procedure 4(i) provides:

> (i) Time Limit for Service: *If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative.* If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. *If service is made by mail pursuant to this rule, service shall be deemed to have been made for the purpose of this provision as of the date on which the process was accepted or refused.* This paragraph shall not apply to service in a foreign country pursuant to Rule 4(e) or to complaints filed against unknown tortfeasors. [Emphasis added.]

This court has interpreted that subsection to mean that service of process must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend. *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). If service is not obtained within that time and no motion to extend is made, dismissal of the action is mandatory. *Id.*; *Lawson*, 302 Ark. 46, 786 S.W.2d 823.

Appellee contends that service was timely made pursuant to Ark. Code Ann. § 4-26-503 (Repl. 1991), which provides for ser-

vice of process upon the Secretary of State where a corporation fails to appoint or maintain a registered agent in this state. Appellee maintains that she made valid service of process upon the Secretary of State, after she had attempted to serve the registered agent for Southeast Foods, Gordon McNulty. Appellee alternatively contends that service was perfected upon Lindsey Morden Claims Management, whom she asserts was Southeast Foods' agent hired specifically to handle its litigation claims. We disagree.

According to Appellee's attorney's affidavit, service was not attempted on the Secretary of State, or the claims representative for Lindsey Morden Claims Management, until September 18, 1996, more than 120 days from the date the complaint was filed on May 1, 1996. Moreover, because service was attempted by certified mailings, the relevant date for determining whether service was timely under Rule 4(i) is the date the service is received. The Secretary of State's office did not receive the certified mailing until October 4, 1996; the claims representative did not receive the mailing until October 7, 1996. Thus, because service of process was not completed within the 120-day time period provided for in Rule 4(i), and no motion for extension of the time was made by Appellee, the default judgment is void and the suit must be dismissed.

We find no merit to Appellee's argument that an *attempt* at service tolls the 120-day period provided by Rule 4(i). Appellee cites no convincing authority for such a proposition; instead, she relies solely on the concurring opinion in *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993) (Brown, J., concurring). That opinion is of no benefit to Appellee, as it addressed only the issue of timely commencement of a lawsuit under ARCP Rule 3 and the necessary relationship between Rules 3 and 4 in making such a determination.

Accordingly, we reverse the trial court's order refusing to set aside the default judgment and dismiss the suit with prejudice, as the language in Rule 4(i) providing for dismissal without prejudice does not apply if the plaintiff's action is otherwise barred by the running of the statute of limitations. *Hicks v. Clark*, 316 Ark. 148, 870 S.W.2d 750 (1994); *Green v. Wiggins*, 304 Ark. 484,

803 S.W.2d 536 (1991). Here, the alleged negligent act occurred on May 15, 1995, when Appellee slipped and fell in the County Market grocery store; hence, the action is now barred by the three-year statute of limitations.

Reversed and dismissed.