Maxine KANGAS *v.* Gary NEELY

01-135                                   57 S.W.3d 694

Supreme Court of Arkansas
Opinion delivered October 25, 2001

*L. David Stubbs*, for appellant.

*Horne, Hollingsworth & Parker, A Professional Association*, by: *Cyril Hollingsworth*, for appellee.

DONALD L. CORBIN, Justice. This is an appeal from the order of the Desha County Circuit Court dismissing with prejudice a personal-injury claim filed by Appellant Maxine Kangas against Appellee Gary Neely. The reason for the dismissal was Kangas's failure to comply with the service requirements of Ark. R. Civ. P. 4(i). The dismissal was with prejudice because the trial court found that the three-year statute of limitations had already run. For reversal, Appellant argues that the order extending the time for service is valid under Ark. R. Civ. P. 6(b)(2), which allows the trial court to enter an order extending a prescribed period for just cause, even after the period has expired. This case was certified to us from the Arkansas Court of Appeals as presenting an issue of first impression. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We affirm.

The facts of this case are not in dispute. On December 27, 1995, Appellant was injured in an automobile accident when the car in which she was riding collided with a car driven by Appellee. Appellant filed a negligence suit against Appellee on December 21, 1998. Appellant did not complete service of process on Appellee within the 120-day period set out in Rule 4(i), which ended on April 20, 1999. However, on the 121st day, April 21, 1999, Appellant obtained an order from the circuit court extending the time for service to May 15, 1999. Appellant completed service within the extended time period. Appellee filed a motion for summary judgment, arguing that because the order granting extension was not entered before the 120-day period expired, it was of no effect. Appellee argued further that the three-year statute of limitations expired on April 20, 1999, thus barring the suit altogether. The trial court agreed with Appellee and dismissed the suit with prejudice.

For reversal, Appellant contends that service was timely under Rule 4(i) because the order extending the time for service was valid under Rule 6(b)(2). Rule 4(i) provides in pertinent part:

> *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made *within 120 days* of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. [Emphasis added.]

This court has consistently held that service requirements under this rule must be strictly construed and compliance with them must be exact. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Thus, service of process under this rule must be accomplished within 120 days after the filing of the complaint unless the plaintiff has timely filed a motion to extend. *Id.* If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Id.*

■ The plain language of Rule 4(i) demonstrates that a motion to extend the 120-day period for service must be filed within that time. The record in this case reflects that no timely motion for extension was made. Notwithstanding, Appellant argues that the order granting extension, entered one day after the 120-day period expired, was valid under Rule 6(b)(2). We cannot reach the merits of this issue because Appellant failed to obtain a ruling from the trial court. The order of dismissal is based solely on an application of Rule 4(i). It was Appellant's burden to obtain a ruling on the Rule 6 argument, and her failure to do so is a procedural bar to our consideration of the issue on appeal. *See Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000); *St. Paul Fire & Marine Ins. Co. v. First Bank of Ark.*, 341 Ark. 851, 20 S.W.3d 372 (2000).

■ ■ Because Appellant failed to serve Appellee within the 120-day period set out in Rule 4(i) and failed to file a motion for extension prior to the expiration of that period, there was no valid service of process. The order of extension issued on the 121st day was of no legal effect. We thus affirm the trial court's dismissal of the complaint. Ordinarily, a dismissal under Rule 4(i) is without prejudice; however, if the suit is otherwise barred by the applicable statute of limitations, the dismissal is with prejudice. *Keener*, 335 Ark. 209, 979 S.W.2d 885; *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). Here, the three-year statute of limitations expired on the 120th day for service. Accordingly, we affirm the trial court's finding that the dismissal is with prejudice.