Carolyn WILLIAMS *v.* CITIBANK (South Dakota), N.A.

CA 02-190                                           90 S.W.3d 451

Court of Appeals of Arkansas
Division IV
Opinion delivered November 20, 2002

*Don R. Etherly*, for appellant.

*Walker & Henry*, by: *Steven R. Davis*, for appellee.

LARRY D. VAUGHT, Judge. Appellant Carolyn Williams appeals from a default judgment entered against her in Phillips County Circuit Court. We reverse and dismiss.

On March 27, 2000, appellee Citibank sued Williams for $3547.18 due on an account. A summons was issued for Williams, but Citibank was unable to serve her. On the 121st day after the complaint was filed, Citibank asked the trial court to extend the time for service. The trial court granted an extension, and Williams was served within the extended period.

Twenty-two days after Williams was served, she moved to dismiss Citibank's complaint on the ground that it had not been served on her within 120 days of filing, as required by Rule 4(i) of the Arkansas Rules of Civil Procedure. Thereafter, Citibank moved for a default judgment based on the fact that Williams's responsive pleading was filed outside the twenty-day period mandated by Ark. R. Civ. P. 12(a). On January 9, 2002, the trial judge entered a default judgment and awarded Citibank $3547.18, plus $298.95 in costs, $3113.04 in prejudgment interest, and attorney fees of $355.00. Williams now appeals.

Rule 4(i) of the Arkansas Rules of Civil Procedure provides in pertinent part:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's own initiative. If a motion is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Rule 4(i) has been interpreted to mean that, if the plaintiff fails to serve the defendant within 120 days of the date the complaint was filed or does not move for an extension of time within that same period, dismissal of the plaintiff's complaint is mandatory. *See*

*Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). The service requirements of Rule 4 must be strictly construed, and compliance with the requirements must be exact. *Southeast Foods, Inc. v. Keener, supra.* In the case before us, it is undisputed that the motion for extension was filed on the 121st day. Therefore, in accordance with Rule 4(i) and the cases interpreting it, Citibank's complaint should have been dismissed.

Citibank claims that Williams waived her argument regarding insufficiency of service because, once she was served, her response to the complaint was untimely. Citibank relies on the case of *Southern Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998). There, a defendant who had been improperly served filed an untimely answer and later, in a response to a motion for a default judgment, asserted for the first time the defense of improper service. The supreme court held that the defense was waived. However, the court's holding was not based on the untimeliness of the defendant's answer but on the fact that the defendant did not assert insufficiency of service in its initial responsive pleading, as required by Rule 12(h)(1) of the Arkansas Rules of Civil Procedure.

By contrast, in the case before us, Williams raised the insufficiency of service defense in her first pleading, although her pleading was untimely. Her untimeliness, however, does not constitute a waiver under these circumstances. *See J&V Restaurant Supply & Refrigeration Co. v. Supreme Fixture Co.*, 76 Ark. App. 505, 69 S.W.3d 881 (2002) (holding that defense of lack of personal jurisdiction was not waived by asserting it in an untimely responsive pleading). *See also Dunklin v. First Magnus Fin. Corp.*, 79 Ark. App. 246, 86 S.W.3d 22 (2002).

Citibank also argues that Williams may not set the default judgment aside unless she shows a meritorious defense. *See* Ark. R. Civ. P. 55(c). Citibank is incorrect. Judgments rendered without valid service are void, and a defendant need not show a meritorious defense to set aside a void judgment. *See Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).

■ For the reasons stated, we reverse the trial court's entry of a default judgment without reaching appellant's remaining arguments. As for our disposition of the case, we note that, in *Kangas* and *Keener, supra,* the supreme court reversed and dismissed with prejudice because the statute of limitations on the plaintiff's action had run. The record in this case is not sufficiently developed to allow us to determine whether Citibank's action is now time barred. Therefore, although we reverse and dismiss, we do so without prejudice.

Reversed and dismissed.

ROBBINS and BAKER, JJ., agree.