Louise A. HENYAN and Robert A. Henyan *v.*
Richard D. PEEK, M.D., and Mark R. Gibbs, M.D.

03-1155                                                          199 S.W.3d 51

Supreme Court of Arkansas
Opinion delivered December 2, 2004

Law Offices of John R. VanWinkle, P.A., by: John R. VanWinkle, for appellants.

*Friday, Eldredge & Clark LLP*, by: *Laura Hensley Smith* and *Brandon James Harrison*, for appellees.

DONALD L. CORBIN, Justice. This appeal raises the issue of when good cause must be shown in obtaining an extension of the time for service of process under Ark. R. Civ. P. 4(i). Appellants Louise A. Henyan and Robert A. Henyan filed a medical-malpractice suit against Appellees Richard D. Peek, M.D., and Mark R. Gibbs, M.D., in the Pulaski County Circuit Court. Appellants were granted two extensions of time to complete service of process on both Appellees. Dr. Peek was served prior to the expiration of the second period of extension, but Dr. Gibbs was not served until one day after the period ended. Appellants sought a third extension to serve Dr. Gibbs. However, before the trial court could rule on their motion, Appellees filed motions to set aside the two prior orders on the ground that Appellants had failed to make a showing of good cause to support the extensions. The trial court granted the motions to set aside, denied Appellants' third extension motion, and dismissed the suit. The court of appeals certified this case to us, as it involves the interpretation and further development of our Rules of Civil Procedure. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (b)(6). We affirm.

The record in this case reflects the following sequence of events. Appellants filed their complaint on November 5, 2002. The case was assigned to the Third Division of the Pulaski County Circuit Court. Under Rule 4(i), Appellants had 120 days after the filing of the complaint to serve summons on Appellees. This time period expired on March 5, 2003. On March 4, Appellants filed a motion for an extension of the 120-day period. The motion did

not provide any reason as to why the extension was necessary. Rather, the motion merely reflected:

1. That Plaintiffs filed this action on November 5, 2002 against both named Defendants.

2. That Plaintiffs have not obtained service against either Defendant at this time and pray that this Court enter an Order granting them an additional sixty (60) days or until May 2, 2003, in which to obtain service on both Defendants.

The motion was granted in an order filed on March 5, giving Appellants until May 2 to serve Appellees. No hearing was held prior to the trial court's grant of the motion.

On May 1, Appellants filed their second motion for extension of the time to serve Appellees. This motion was identical to the first one, except that Appellants sought only thirty additional days. This second motion was granted in an order filed on May 5, giving Appellants until June 2 to complete service of process. Again, no reason was given as to why additional time was needed, and no hearing was held prior to the grant of the motion.

At some point in the first part of May, the parties were notified that the case was being transferred from the Third Division to the Second Division of the Pulaski County Circuit Court.[1] On May 15, Appellee Dr. Gibbs filed a motion to set aside the two orders of extension entered by the Third Division. In his supporting brief, Dr. Gibbs asserted that the orders were improvidently granted because Appellants had not demonstrated that they had made any effort to serve Appellees within the initial 120-day period, nor had they offered any good cause for granting the motions. On May 28, Appellee Dr. Peek filed a similar motion and joined in the supporting brief filed by Dr. Gibbs.

On May 29, Appellants filed their response to the motions to set aside. In their supporting brief, Appellants asserted that the extensions were necessary because they had not been able to get a file-marked copy of the complaint from the Pulaski County Circuit Clerk, although they had made several requests for one.

---

[1] An order of transfer was entered on May 16, 2003, which reflected that the case was being transferred to Second Division because it had been originally filed there prior to Appellants taking a nonsuit.

They asserted further that a file-marked copy of the complaint was necessary to perfect service on Appellees.

The same date that Appellants filed their response, May 29, they achieved service of process on Dr. Peek. However, they were not able to serve Dr. Gibbs prior to the expiration of the second extended period for service on June 2. As such, Appellants filed on June 2 a third motion for extension to serve Dr. Gibbs, asking for an additional ten days. This third motion reflected in pertinent part that Davis Process Service had attempted to serve Dr. Gibbs at his home and his office and was told that Dr. Gibbs would be out of town until June 5. Dr. Gibbs was actually served on June 3.

The trial court held a hearing on the pending motions on June 18. After hearing argument from both sides, the trial court denied Appellants' third motion for extension and granted Appellees' motions to set aside the two previous orders of extension. The trial court found that there was nothing in Appellants' motions demonstrating good cause to justify the extensions. As for the reason later offered by Appellants, that they were not able to get a file-marked copy of the complaint from the circuit clerk, the trial court indicated that it did not amount to good cause. The trial court reasoned that even though Appellants' counsel was located in Fayetteville, "there's not a whole lot of distance between here and Fayetteville, and it's one of those things that we could retrieve fairly easily." The trial court's bench rulings were memorialized in an order entered on June 23. This appeal followed.

For reversal, Appellants argue that the trial court erred in setting aside the two orders of extension and dismissing their suit. They contend that the motions for extension were timely filed, prior to the expiration of the periods for service, and that Appellee Dr. Peek was served prior to the expiration of those periods.[2] They contend that although they did not state good cause in their motions for extension, good cause was eventually shown. They also contend that they had the right to rely on the orders of extension, despite the later ruling setting them aside. They do not, however, make any argument regarding the trial court's denial of their third motion for extension to serve Appellee Dr. Gibbs.

---

[2] Appellants acknowledge that it was necessary for them to secure a third order of extension to serve Appellee Dr. Gibbs, whom they admit was not served within the time provided in the second order of extension.

Accordingly, their arguments on appeal concern only the propriety of the service of Appellee Dr. Peek.

■ ■ We begin our analysis by reviewing Rule 4(i), which provides:

> *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. *If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.* If service is made by mail pursuant to this rule, service shall be deemed to have been made for the purpose of this provision as of the date on which the process was accepted or refused. This paragraph shall not apply to service in a foreign country pursuant to Rule 4(e) or to complaints filed against unknown tortfeasors. [Emphasis added.]

This court has consistently held that service requirements under this rule must be strictly construed and compliance with them must be exact. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Thus, service of process under this rule must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend. *Id.* If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Id.*

■ Appellants argue that all that is required to extend the time for service of process under Rule 4(i) is the filing of a motion within 120 days of the filing of the complaint. This argument ignores the plain language of the rule and this court's holding in *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000). There, this court explained that to obtain an extension of the 120-day period in Rule 4(i), a plaintiff must file the motion for extension prior to the expiration of that 120-day period. This court noted that so long as the motion is timely filed, it is not necessary that the order granting extension be entered prior to the expiration of the 120-day period. *Id.* However, this court went on to state: "The time for service may then be extended by the trial judge *upon a showing of good cause.*" *Id.* at 958, 20 S.W.3d at 343 (emphasis

added). Thus, *King* demonstrates that two things are required by Rule 4(i) to obtain an extension of the period for service: (1) the timely filing of motion for extension, and (2) a showing of good cause. The issue presented by this appeal is whether good cause must be shown prior to the granting of an order of extension. We conclude that it must.

We construe court rules using the same means and canons of construction used to interpret statutes. *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003); *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction *de novo*, as it is for this court to determine what a statute or rule means. *Id.* In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

Here, the plain language of Rule 4(i) dictates that the showing of good cause to extend the period for service must be made prior to the granting of an extension. The rule reads: "If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court *upon a showing of good cause*." (Emphasis added.) The word "upon" is the key to our interpretation. From the context in which it is used in this provision, "upon" means "on the condition of." *See Webster's Third New International Dictionary* 2518 (2002). Thus, the time for service may be extended on the condition of a showing of good cause to justify extending the initial 120-day period. As such, it will not suffice, as Appellants urge, for good cause to be offered after the fact to justify an extension that has already been granted.

In the present case, it is undisputed that Appellants made no showing of good cause to extend the time for service under Rule 4(i). It is this omission that distinguishes the present case from *King*, 341 Ark. 955, 20 S.W.3d 341. In that case, the motion filed by the plaintiff's attorney provided the following three reasons to justify the extension: (1) he had just received relevant hospital reports; (2) he had just been made aware that one of the defendants

who was also the agent of service for the professional association was deceased; and (3) he was exploring settlement options.

■ Here, neither of Appellants' motions offered any cause, let alone good cause, for the extensions. Moreover, there is nothing in the trial court's orders indicating that the time for service was being extended upon a showing of good cause. Without a contemporaneous showing of good cause to grant the extensions, Appellants have failed to strictly comply with the service requirements of Rule 4(i). It therefore is of no consequence whether the reason later offered by Appellants, that they were unable to secure a file-marked copy of the complaint from the circuit clerk, amounts to good cause.

Appellants' remaining argument is that once the orders of extension were entered, they had the right to rely on them, despite their later being set aside. For support, they cite to our decision in *King*, 341 Ark. 955, 20 S.W.3d 341. We do not reach the merits of this argument because it is not apparent from the record that Appellants ever raised this issue below. Although the record does reflect that Appellees mentioned the *King* case in an attempt to distinguish it from the present case, Appellants never specifically made the argument that they had the right to rely on the orders of extension. Moreover, even if they had, we still could not reach the merits because the record clearly demonstrates that the trial court never ruled on this reliance argument. Rather, the bench ruling only addresses Appellants' failure to show good cause, while the written order only states that "the motions to set aside order should be granted[.]"

■ ■ It is well settled that this court will not consider arguments raised for the first time on appeal. *See Ford Motor Co. v. Arkansas Motor Vehicle Comm'n*, 357 Ark. 125, 161 S.W.3d 788 (2004); *South Beach Bev. Co., Inc. v. Harris Brands, Inc.*, 355 Ark. 347, 138 S.W.3d 102 (2003); *South Cent. Ark. Elec. Coop. v. Buck*, 354 Ark. 11, 117 S.W.3d 591 (2003). Similarly, this court has repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *See, e.g., Scamardo v. Jaggers*, 356 Ark. 236, 149 S.W.3d 311 (2004); *Finagin v. Arkansas Dev. Fin. Auth.*, 355 Ark. 440, 139 S.W.3d 797 (2003); *Bell*, 351 Ark. 260, 92 S.W.3d 32; *Kangas*, 346 Ark. 334, 57 S.W.3d 694. It was Appellants' burden to raise this issue and obtain a specific ruling on it. Because they did not, we will not consider it now.

We thus affirm the trial court's judgment setting aside the prior orders of extension and dismissing with prejudice Appellants' complaint. Ordinarily, a dismissal under Rule 4(i) is without prejudice. *Kangas*, 346 Ark. 334, 57 S.W.3d 694. However, under Ark. R. Civ. P. 41(b), a dismissal for failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary nonsuit. *Smith*, 353 Ark. 701, 120 S.W.3d 525 (citing *Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996)). Appellants do not dispute that they have previously taken a voluntary nonsuit of this case. Accordingly, the trial court was correct in ruling that this dismissal is with prejudice.

Affirmed.