

Cite as 2013 Ark. App. 438

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV-12-1099

| | | |
|---|---|---|
| | | **Opinion Delivered** August 28, 2013 |
| KAREN HARDCASTLE | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CV-2012-99-5] |
| V. | | |
| CIARA CERRATO | | HONORABLE RHONDA K. WOOD, JUDGE |
| | APPELLEE | AFFIRMED |

**JOHN MAUZY PITTMAN, Judge**

This is an appeal from a dismissal with prejudice of appellant's tort action against appellee based on the trial court's finding that appellee was never properly served with a summons or complaint. Appellant argues that appellee was properly served at her usual place of abode, that the trial court erred in failing to find that appellee consented to jurisdiction in her answer, and that appellee was estopped from arguing insufficient service. We affirm.

Arkansas Rule of Civil Procedure 4(i) provides that an action must be dismissed as to a defendant upon whom service of summons is not made within 120 days after the filing of the complaint. *See Farm Bureau Mutual Insurance Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993). Substituted service may be made upon a defendant by leaving a copy thereof at her usual place of abode with some person residing therein who is at least fourteen years of age. Ark. R. Civ. P. 4(d)(1). However, because substituted service is in derogation of the common law, rules or statutes providing for it must be complied with exactly. *Office of Child*



*Support Enforcement v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997). One's usual place of abode, in the sense used by the Rule, means the place where a person lives or has his home, that is, his fixed permanent home; the place to which he has—whenever he is absent—the intention of returning. *Office of Child Support Enforcement v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997).

Here, appellant served appellee's mother at the mother's Hot Springs home. At the evidentiary hearing, appellee testified that in February 2012 she was living in a rented apartment on West St. Louis Street in Hot Springs, that she intended to establish a permanent residence there until she went to graduate school, that she was paying the rent and utilities on the apartment herself, that she listed her West St. Louis Street apartment as her address on employment and tax documents, that she then had no intention of moving back to her mother's home and establishing that as a permanent address, and that she had never given her mother permission to accept legal papers on her behalf.

Appellee's mother, Becky Cerrato, testified that a gentleman rang her doorbell in February 2012 and said that he had some papers to serve on appellee. When Mrs. Cerrato informed the gentleman that appellee did not live there, he told her that she could "go ahead and sign for these." Mrs. Cerrato also testified that, although she maintained a bedroom for appellee's use on visits, her daughter had lived separately and independently in her own residence after graduating from college in 2011, and that this was still true when substituted service was attempted in February 2012. Our supreme court has held that service of process at a defendant's mother's home was insufficient, *see Office of Child Support Enforcement v.*

SLIP OPINION

*Mitchell*, *supra*, and on our review of this record, we cannot say that the trial judge erred in finding that appellee was not properly served at her usual place of abode.

Next, appellant argues that appellee consented to jurisdiction in her answer to the complaint. We do not agree. Although appellee did admit in her answer that the case stemmed from an automobile accident occurring in Faulkner County that caused damages in excess of $5,000, and that "jurisdiction and venue are therefore proper" in the Circuit Court of Faulkner County, this paragraph was clearly addressed to the subject-matter jurisdiction of the court, as opposed to the court's personal jurisdiction over appellee. Given that appellee also specifically raised the defense of insufficient service of process in her answer, we do not think that consent to personal jurisdiction can reasonably be inferred from her admission that factors going to the issue of subject-matter jurisdiction were present. Nor did appellee's request in her answer for costs and "any other proper relief" constitute consent to personal jurisdiction. *See Dobbs v. Discover Bank*, 2012 Ark. App. 678, ___ S.W.3d ___.

Finally, appellant argues that appellee should have been estopped to raise her affirmative defense of insufficient service because she participated in discovery. We cannot address this issue because appellant failed to obtain any ruling from the trial court. *Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *see also Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998). Whether estoppel existed is an issue of fact to be decided by the trier of fact, *Dickson v. Delhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988), and in the absence of any finding or ruling on that issue, there is nothing for us to review.



Cite as 2013 Ark. App. 438

Affirmed.

WYNNE and GRUBER, JJ., agree.

*Nash, Raley, Rogers & Rippy, PLC*, by: *Nick Rogers*, for appellant.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Mel Sayes*, for appellee.