SLIP OPINION

Cite as 2014 Ark. App. 148

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-681

| | |
|---|---|
| STEPHEN DAVID DAVENPORT | **Opinion Delivered** February 26, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. DR-07-88G] |
| V. | |
| KATHERINE ANN DAVENPORT USELTON | HONORABLE JIM D. SPEARS, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

This is the second appeal of a Sebastian County Circuit Court order denying Stephen Davenport's motion for civil contempt against his former wife, Katherine Ann Davenport (Uselton), for violating the cohabitation prohibition in their divorce decree. In the first appeal, we remanded the trial court's denial of contempt for clarification. *Davenport v. Uselton*, 2013 Ark. App. 344. On remand, the trial court once again found that Uselton's conduct was not contemptuous. We reverse the trial court's decision declining to find Uselton in civil contempt, and remand for a determination as to what, if any, sanctions should be imposed.

The parties were divorced in 2008. Davenport was granted full custody of the parties' three minor children, C.D., K.D., and B.D., with Uselton receiving visitation. The divorce

SLIP OPINION

decree provided, in part, that the parties "shall not have any overnight guests that they are romantically involved with in the presence of their minor children."

The facts presented to and found by the trial court are not in dispute. The divorce decree prohibits either party from having romantic overnight guests in the presence of the minor children. Uselton is living with someone with whom she is romantically involved. Uselton is "willfully" exercising her visitation with the minor children while her partner is present overnight.[1] These factual findings, as articulated by the trial court, establish a clear violation of the express terms of the non-cohabitation clause. As such, it constitutes contempt, and the trial court's declination to find Uselton in contempt is clearly erroneous. *See Henderson v. Dudley*, 264 Ark. 697, 710, 574 S.W.2d 658, 666 (1978) ("[T]he disobedience of any valid judgment, order or decree of a court having jurisdiction to enter it is such an interference with the administration of justice as to constitute contempt.").

In declining to find Uselton in contempt, the trial court articulated numerous reasons for its refusal to do so.[2] While those reasons may certainly be considered by the trial court in fashioning an appropriate sanction, if any, to be imposed for the contemptuous behavior,[3]

---

[1]In its order upon remand, the trial court expressly found that Uselton was "willfully exercising visitation with the children" while her romantic partner was present overnight.

[2]We acknowledge Uselton's claim that enforcement of the non-cohabitation provision by the trial court would violate her constitutional rights of due process and equal protection of the law. However, Uselton never obtained a ruling on the constitutionality of the provision. The failure to obtain a ruling on an issue, even a constitutional one, precludes our review on appeal. *Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, ___ S.W.3d ___.

[3]As noted in our previous opinion, the trial court may, in its wide discretion, choose to assign much, little, or no punishment at all for a contempt citation. *See Johnson v. Arledge*,

those reasons do not change the underlying determination that Uselton's conduct, as found by the court, was a willful violation of its prior order and constituted contempt. Because the trial court erred in declining to hold Uselton in contempt, we reverse and remand for a determination of what, if any, sanction should be imposed on Uselton for her civil contempt.

Reversed and remanded.

HARRISON and WOOD, JJ., agree.

*Kevin L. Hickey*, for appellant.

*Huffman Butler, PLLC*, by: *Bryan R. Huffman*; and *Bugeja Law Firm*, by: *Joshua W. Bugeja*, for appellee.

---

258 Ark. 608, 527 S.W.2d 917 (1975).