Cite as 2020 Ark. App. 573

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–20–1

|  |  |
|---|---|
| KEVIN PENNINGTON<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS GAME AND FISH COMMISSION<br><br>APPELLEE | **Opinion Delivered** December 9, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION<br>[NO. 60CV-19-2065]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Kevin Pennington filed a pro se complaint against the Arkansas Game and Fish Commission (Commission) alleging an intentional tort and a conspiracy. In an amended order and judgment, the Pulaski County Circuit Court dismissed Pennington's complaint with prejudice finding that it was barred by res judicata, that it was barred by the statute of limitations, and that Pennington had failed to perfect service of the complaint on the Commission. Pennington appeals, pro se, from the amended order and judgment. We affirm.

Pennington filed a complaint against the Commission on March 27, 2019, asserting a cause of action for an intentional tort. Pennington alleged that the Commission's human resource manager, Philip Warriner, harassed and targeted Pennington when Warriner filed

a citizen-complaint form against Pennington that led to his termination.[1] Pennington's complaint further alleged that his supervisor at the Commission, Kevin Mullen, conspired with Warriner in forging Pennington's signature on a document that resulted in an antagonistic and hostile work environment for Pennington.[2]

On April 26, the Commission filed a motion to dismiss pursuant to Arkansas Rules of Civil Procedure 12(b)(1) (sovereign immunity), 12(b)(5) (insufficient service of process),[3] and 12(b)(6) (res judicata[4] and the statute of limitations). On September 6, the circuit court entered an order and judgment dismissing Pennington's complaint:

> [I]t is bound by the doctrine of res judicata and must dismiss [Pennington's] Complaint. . . . Alternatively, the Court would have dismissed [Pennington's] Complaint with prejudice based on application of the Statute of Limitations . . . or without prejudice for insufficient service of process. Therefore, Defendant's Motion to Dismiss is GRANTED.

---

[1]Warriner's citizen complaint alleged that he observed Pennington misusing state property to replace the brakes on a coworker's personal vehicle.

[2]Pennington later filed an amended complaint on April 8, 2019. The allegations in the amended complaint are identical to those in the original complaint.

[3]The Commission alleged that Pennington failed to make proper service of a summons and complaint on the Commission through its director, Pat Fitts, as required by Arkansas Rule of Civil Procedure 4(f)(12).

[4]The Commission alleged that Pennington's state court complaint relitigates matters that have already been litigated in the United States District Court for the Eastern District of Arkansas, which granted summary judgment to the Commission, was affirmed by the Eighth Circuit Court of Appeals, and denied certiorari by the United States Supreme Court. *Pennington v. Ark. Game & Fish Comm'n*, 2017 WL 2129907 (E.D. Ark. 2017), *aff'd*, 714 Fed. App'x 609 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 222 (2018).

Pennington filed a notice of appeal from this order on October 4. On October 22, pursuant to Arkansas Rule of Civil Procedure 60(a), the circuit court entered an amended order and judgment:

> 1. The Court finds that the doctrine of *res judicata* applies to bar [Pennington's] Complaint. [Pennington's] Complaint is hereby dismissed with prejudice on this basis.
>
> 2. The Court finds that the statute of limitations set forth in Ark. Code Ann. § 16-56-105 expired prior to the filing of [Pennington's] Complaint. [Pennington's] Complaint is hereby dismissed with prejudice on this basis.
>
> 3. The Court finds that [Pennington] did not properly perfect service of process upon [the Commission]. The Court would usually dismiss without prejudice for insufficient service of process. However, as this is the second dismissal of this lawsuit, dismissal with prejudice is proper. The Court hereby dismisses [Pennington's] Complaint with prejudice on this basis.

Pennington filed a notice of appeal from the amended order and judgment on November 22.

Before reaching the merits of Pennington's appeal, we must first address whether we have jurisdiction. While neither party raises the issue, the timely filing of a notice of appeal is a jurisdictional issue this court is obligated to raise sua sponte. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, at 4, 363 S.W.3d 321, 324. A notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Ark. R. App. P.–Civ. 4(a) (2020). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 738, 19 S.W.3d 600, 602 (2000).

The amended order and judgment was filed on October 22, and the notice of appeal of the amended order and judgment was filed on November 22—on the thirty-first day.

3

Therefore, Pennington's notice of appeal of the amended order and judgment is not timely, and our court does not have jurisdiction to hear Pennington's challenges to the findings in the amended order and judgment.

Our court may not, however, be deprived of jurisdiction of the appeal from the circuit court's September 6 order and judgment. On October 4, Pennington filed a timely notice of appeal of that order. The question we need to next answer is whether the original order and judgment is a final order.

An appeal may be taken from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2 (2020). For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy; thus, the order must put the circuit court's directive into execution ending the litigation or a separable branch of it. *Harold Ives Trucking Co.*, 341 Ark. at 737, 19 S.W.3d at 602. When the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.*, 19 S.W.3d at 602. The finality of an order is a jurisdictional issue that this court has a duty to address. *Id.*, 19 S.W.3d at 602.

In the case at bar, the circuit court's first order and judgment dismissed the complaint without prejudice for insufficient service of process. However, because the court also found that the statute of limitations barred Pennington's cause of action and the record reflects that Pennington failed to make a timely motion for extension to serve the summons and complaint, the dismissal is effectively with prejudice. *Kangas v. Neely*, 346 Ark. 334, 336, 57 S.W.3d 694, 696 (2001) (holding that while ordinarily a dismissal under Arkansas Rule

4

of Civil Procedure 4(i)[5] is without prejudice, if the suit is otherwise barred by the applicable statute of limitations, the dismissal is with prejudice). Therefore, the circuit court's original order and judgment is a final order from which Pennington filed a timely notice of appeal, and we have jurisdiction of the appeal of this order. Ark. R. App. P.–Civ. 2.

On the merits of Pennington's appeal, we must summarily affirm. Nowhere in his pro se brief on appeal does he challenge or even mention the circuit court's finding that he failed to perfect service of process on the Commission. Our supreme court has stated that when the circuit court bases its decision on two or more independent grounds and the appellant challenges fewer than all the grounds, the appellate court will affirm without addressing either. *Ward v. Hutchinson*, 2018 Ark. 313, at 8, 558 S.W.3d 856, 861 (citing *Coleman v. Regions Bank*, 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005); *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989)). Because Pennington has failed to challenge an independent ground supporting the circuit court's order and judgment, we summarily affirm.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Kevin Pennington*, pro se appellant.

*James F. Goodhart*, *John P. Marks*, and *Christian N. Parks*, Arkansas Game and Fish Commission, for appellee.

---

[5]Under Arkansas Rule of Civil Procedure 4(i)(1), if service of process is not made on a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice on motion or on the court's initiative. Ark. R. Civ. P. 4(i)(1) (2020).