Cite as 2026 Ark. App. 15

# ARKANSAS COURT OF APPEALS

DIVISION III
NO. CV-24-393

|  |  |
|---|---|
| | Opinion Delivered January 14, 2026 |
| GRACIE DENT | |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | [NO. 23CV-22-782] |
| CONWAY REGIONAL MEDICAL CENTER, INC., D/B/A CONWAY REGIONAL HEALTH CENTER; KATIE HUNT; CONWAY REGIONAL REHABILITATION CENTER; JASON SKINNER, M.D.; ADAM COX, M.D.; BROCK KING; AND COPIC, A RISK RETENTION GROUP | HONORABLE SUSAN WEAVER, JUDGE |
| APPELLEES | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Gracie Dent ("Dent") appeals from various orders entered by the Faulkner County Circuit Court dismissing with prejudice her lawsuit filed against appellees Conway Regional Medical Center; Katie Hunt; Conway Regional Rehabilitation Center; Adam Cox, M.D.; Jason Skinner M.D.; Brock King; and Copic, a Risk Retention Group. On appeal, Dent argues that (1) the circuit court erred in dismissing Conway Regional Medical Center because her complaint was filed before the statute of limitations had run and Conway Regional was timely served; and (2) Katie Hunt, Adam Cox, Jason Skinner, Brock King, and COPIC should not have been dismissed under the John Doe statute and Arkansas Rule of Civil Procedure 15(c). We affirm.

On June 23, 2022, Dent filed her complaint against Conway Regional Medical Center ("CRMC") and John Doe defendants, alleging medical malpractice that occurred sometime between July 4 and August 1, 2020.

On September 16, 2022, Dent filed an ex parte motion for extension of time for service. The motion stated that (1) plaintiff worked diligently to serve all parties; however, the medical records were extensive and the parties responsible for each cause of action were difficult to ascertain, and (2) "Plaintiff has been in and out of the hospital . . . and it has been difficult for the attorney to communicate with the Plaintiff which has caused delays in perfecting service." The circuit court granted Dent's motion on September 22, 2022, simply stating, "[T]he motion to extend time is granted. . . . Plaintiff will have an additional 90 days."

On November 23, 2022, CRMC moved to dismiss Dent's complaint. CRMC argued that Dent's complaint should be dismissed because she failed to obtain service on CRMC within the 120-day period set forth in Arkansas Rule of Civil Procedure 4 and because good cause did not exist to warrant an extension of time for service. The circuit court granted CRMC's motion and dismissed CRMC with prejudice.

On January 13, 2023, Dent filed a complaint with substitution of parties, naming for the first time separate appellees Katie Hunt; Conway Regional Rehabilitation Hospital; Adam Cox, M.D.; and Jason Skinner, M.D. Hunt is a registered nurse whose name appears in Dent's medical records, and Conway Regional Rehabilitation Hospital is a freestanding medical-care facility where Dent received care. At the time of Dent's care, Dr. Cox was an

internal medical physician at CRMC. Dr. Cox did not treat or provide surgical or postsurgical care to Dent during her hospitalization. Rather, he was the primary care physician automatically assigned to Dent's care upon her admission to the hospital. Dr. Skinner is an emergency room physician at CRMC who treated Dent on two occasions—neither of which was during the time frame alleged in her complaint.

On January 19, 2023, Dent again requested an extension of time for service on Dr. Cox, and the motion was granted on January 20. Dr. Cox was served on February 2, and he filed a timely answer on February 20. On February 6, Dr. Skinner filed his answer to Dent's complaint, wherein he argued he (1) did not perform Dent's surgery, (2) did not play any role in Dent's postoperative care, and (3) did not treat Dent between July 4 and August 1, 2020. Hunt moved to dismiss Dent's complaint on February 17, with Conway Regional Rehabilitation Hospital following on March 15. On March 17, Dr. Skinner moved for summary judgment on the same basis alleged in his answer. On March 23, Dr. Cox moved for summary judgment, arguing that he did not render care to Dent during the period specified in her complaint and that Dent's claims were barred by the applicable statute of limitations because neither the John Doe statute nor the relation-back doctrine in Arkansas Rule of Civil Procedure 15(c) applied. The court granted both Dr. Cox's and Dr. Skinner's motions for summary judgment and dismissed Dent's complaint and amended complaints against them with prejudice on August 17, 2023.

On September 6, 2023, the circuit court granted both Hunt's and Conway Regional Rehabilitation Hospital's motions and dismissed Dent's complaint and amended complaints against them with prejudice.

On March 17, 2023, Dent filed another complaint with substitution of party naming separate appellee Copic, A Risk Retention Group, which provides liability insurance to some of the medical-care providers named in this case. Copic moved to dismiss Dent's complaint on September 22. On December 28, the circuit court granted Copic's motion to dismiss and dismissed with prejudice Dent's complaint and amended complaints against Copic.

When the circuit court acknowledges consideration of matters outside the parties' pleadings, as was done in this case, this court will treat the circuit court's order as one granting summary judgment. *Chambers v. Stern*, 347 Ark. 395, 400–01, 64 S.W.3d 737, 740 (2002). It is well settled that when a circuit court considers matters outside the pleadings, this court will treat a motion to dismiss as one for summary judgment. *Hickey v. Gardisser*, 2010 Ark. App. 464, 375 S.W.3d 733 (2010).

## I. *Dismissal of CRMC*

On appeal, Dent argues that the circuit court erred in dismissing CRMC with prejudice because she had the right to rely on the circuit court's order granting an extension of time for service, and under those orders, service was timely. Dent additionally argues that the circuit court should have applied the savings statute instead of dismissing CRMC with prejudice.

4

In support of her argument, Dent cites *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000). In *King*, the Supreme Court of Arkansas explained that to obtain an extension of the 120-day period for service in Rule 4(i), a plaintiff must file the motion for extension before the expiration of that 120-day period. The court noted that as long as the motion is timely filed, it is not necessary that the order granting the extension be entered before the expiration of the 120-day period. *Id.* However, the court went on to state: "The time for service may then be extended by the trial judge *upon a showing of good cause.*" *Id.* at 958, 20 S.W.3d at 343 (emphasis added). Thus, *King* demonstrates that two things are required by Rule 4(i) to obtain an extension of the period for service: (1) the timely filing of a motion for extension and (2) a showing of good cause. The issue presented by the current appeal is whether good cause must be shown *before* an order of extension is granted or if granting the order alone is sufficient. The Supreme Court of Arkansas answered this question in *Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004), concluding that good cause must be shown before an order of extension is granted.

In the present case, the parties dispute whether Dent made a showing of good cause to extend the time for service under Rule 4(i). In *King*, the motion filed by the plaintiff's attorney provided the following three reasons to justify the extension: (1) he had just received relevant hospital reports; (2) he had just been made aware that one of the defendants who was also the agent of service for the professional association was deceased; and (3) he was exploring settlement options. In contrast, in *Henyan*, the court found that neither of the appellants' motions offered any cause, let alone good cause, for the extensions. The court

5

also noted there was nothing in the circuit court's orders indicating that the time for service was being extended upon a showing of good cause. Here, we land somewhere in the middle—Dent's motion, while never using the term "good cause," lists the following reasons for a 90-day extension: (1) the "Plaintiff has worked diligently to serve all parties however, the medical records are extensive and the parties responsible for each cause of action are difficult to ascertain"; and (2) the "Plaintiff has been in and out of the hospital due to complications to this surgery and it has been difficult for the attorney to communicate with the Plaintiff which has caused delays in perfecting service and finding out which individuals were responsible for the damages to the Plaintiff."

CRMC alleges that because there is no proof that Dent made any effort to serve them until after the 120-day deadline had expired or that Dent had any difficulty serving them, she failed to demonstrate good cause. Dent established through her pleadings that she knew where the hospital was located and the identity of the registered agent for service. Additionally, Dent's motion failed to "detail the efforts made" to serve CRMC. *See McCue v. Dominguez*, 2022 Ark. App. 332, at 9–10, 653 S.W.3d 372, 378 (no good cause where plaintiffs merely stated they "have continued to attempt to locate and serve the Defendants, without success, as of this time"). Without a contemporaneous showing of good cause to grant the extensions, Dent has failed to strictly comply with the service requirements of Rule 4(i). *See Henyan*, 359 Ark. at 486, 199 S.W.3d at 51.

Dent additionally argues that once the extension orders were entered, she had the right to rely on them, despite the orders later being set aside. While Dent made the

"reliance" argument below, the record demonstrates the circuit court never ruled on the argument. The failure to obtain a ruling on an issue precludes our review on appeal. *See Davenport v. Uselton*, 2014 Ark. App. 148. When a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. Because Dent did not obtain a specific ruling on the reliance aspect of this argument as presented on appeal, we are precluded from addressing the merits.

Dent's remaining argument under this point is that the dismissal of CRMC should have been without prejudice. However, Rule 4(i) must be read in light of other procedural rules, such as the statute of limitations. *Bodiford v. Bess*, 330 Ark. 713, 715, 956 S.W.2d 861, 863 (1997). The dismissal-without-prejudice language in Rule 4(i) does not apply if a plaintiff's action is otherwise barred by the running of a statute of limitations. *Id.* Here, Dent filed a complaint against CRMC on June 23, 2022, seeking damages for a surgery that took place on July 4, 2020. Under Arkansas Code Annotated section 16-114-203(a) (Repl. 2016), all actions regarding medical injury must be brought within two years after the cause of action accrues. The date of accrual of an action for medical injury is the date of the wrongful act complained of and no other time. *See* Ark. Code Ann. § 16-114-203(b). As discussed above, Dent's service did not strictly comply with the requirements of Rule 4, she did not preserve her reliance argument, and service was completed outside the two-year statute of limitations. Therefore, the circuit court did not err in dismissing the complaint against CRMC with prejudice. We affirm.

7

## II. *John Doe Statute and Rule 15(c)*

Next, Dent argues the remaining appellees, Katie Hunt, Adam Cox, Jason Skinner, Brock King, and Copic, should not have been dismissed under the John Doe statute and Rule 15(c). Dent alternatively argues that even if the court did not err in dismissing the remaining appellees, their dismissal should have been without prejudice.

Arkansas Code Annotated section 16-56-125(a) (Repl. 2005) provides: "For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." For a party to avail itself of the John Doe statute, the party must also meet the requirements of Arkansas Rule of Civil Procedure 15(c). Under Rule 15(c), the facts must show four things: (1) the claim must have arisen out of the conduct set forth in the original pleadings; (2) the party to be brought in must have such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party must have known, or should have known, that but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within 120 days of the filing of the original complaint. *Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002). Rule 15(a) vests broad discretion in the circuit court, and the exercise of that discretion will be sustained unless it is manifestly abused. *Thompson v. Dunn*, 319 Ark. 6, 889 S.W.2d 31 (1994).

The statute allows a complaint to be filed when the plaintiff cannot identify the tortfeasor and does not know the tortfeasor's name. *Stephens*, 350 Ark. 268, 86 S.W.3d 836. Dent knew of the remaining appellees' existence when she originally filed her lawsuit—each of them had treated her or housed her treatment in some capacity before she filed her complaint. Even if the John Doe statute were to apply in this case, Dent still failed to comply with the requirements of Rule 15 so as to permit the amended complaint to relate back to the time of the filing of the first complaint that alleged negligent medical treatment between July 4 and August 1, 2020, a time period during which none of the "John Doe" appellees treated Dent. Therefore, the circuit court did not err in dismissing the "John Doe" appellees with prejudice on the basis of the statute of limitations. We affirm.

Affirmed.

KLAPPENBACH, C.J., and HIXSON, J., agree.

*Eugene Clifford*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Tyler C. Bone*, for separate appellee Conway Regional Medical Center, Inc.

*Friday, Eldredge & Clark, LLP*, by: *Tyler C. Bone*, for separate appellees Katie Hunt; Conway Regional Rehabilitation Hospital; and Copic, a Risk Retention Group.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Tim Boone* and *Zachary Hill*, for separate appellee Jason Skinner, M.D.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Amelia F. Botteicher* and *Mark D. Wankum*, for separate appellee Adam Cox, M.D.

9