SLIP OPINION

Cite as 2014 Ark. 499

# SUPREME COURT OF ARKANSAS

No. CV–14–189

| | |
|---|---|
| JAMES L. STEWARD, JR.<br>APPELLANT | **Opinion Delivered** December 4, 2014 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-12-270] |
| ADAM KUETTEL<br>APPELLEE | HONORABLE XOLLIE DUNCAN, JUDGE |
| | <u>REVERSED</u>. |

**JIM HANNAH, Chief Justice**

Appellant, James L. Steward, Jr., appeals the order of the Benton County Circuit Court denying his motion to set aside default judgment. On appeal, he contends that the circuit court erred in denying his motion to set aside default judgment because the judgment was void for insufficient service of process. Alternatively, Steward contends that the circuit court abused its discretion in refusing to set aside the default judgment due to mistake or excusable neglect on his part. Because we conclude that, under the facts of this case, the alternative method of service crafted by the circuit court was not reasonably calculated to give actual notice, we hold that the order granting default judgment was void, and we reverse the circuit court's order denying Steward's motion to set aside default judgment.

Following the February 13, 2009 death of his niece, Sarah Fennell, Steward launched a website, http://justice4sarah.wordpress.com/ ("Justice4Sarah"), to express his dissatisfaction with the investigation of Fennell's cause of death. On February 16, 2012, appellee, Adam

Kuettel, filed suit against Steward, alleging that Steward had published numerous defamatory statements about him concerning the death of Fennell on Justice4Sarah and other websites. Kuettel stated that all of Steward's statements about him were false and requested, inter alia, an injunction ordering Steward to remove the Justice4Sarah website from the Internet and to remove any other postings from the Internet he had made concerning Kuettel.

Through a LexisNexis Accurint search, counsel for Kuettel determined that Steward's last known address was 5713 Paula Road, Knoxville, Tennessee, 37912-1914. Two attempts to serve Steward were made at that address, but Steward no longer lived there. Counsel then attempted to contact Steward, as well as potential associates and relatives of Steward, via telephone, to ascertain Steward's address, but she was unsuccessful.

On April 13, 2012, Kuettel filed a "Motion for Service Under Rule 4(e)(5)," requesting that the circuit court permit service of process by emailing the summons and complaint to Steward at jameslsteward@gmail.com, the address listed on the Justice4Sarah website. Kuettel averred that previous attempts at service were unsuccessful, and he stated that, after he had filed the lawsuit in this case, a reporter from the Benton County Daily Record emailed Steward at jameslsteward@gmail.com, and Steward responded to the email. Kuettel stated that, in addition to serving the summons and complaint via email, he would employ the use of Cyber Investigations Services, LLC, to ensure that the email and attached summons and complaint were in fact received. Attached to Kuettel's motion was an affidavit from Bruce Anderson, a licensed private investigator and managing member of Cyber Investigations. Anderson averred that, to ensure that Steward received the summons and

complaint attached to the email, Cyber Investigations would include a tracking pixel in the email sent to Steward that would transmit a confirmation to the sender when (1) the email was opened by the recipient, and (2) the attachments, here, the summons and complaint, were opened by the recipient.

In an order entered April 17, 2012, the circuit court granted Kuettel's motion for alternative service, ruling that

> Plaintiff [Kuettel] be permitted to serve Defendant James L. Steward, Jr., with the Summons and Complaint in this action via email to the email address of: jameslsteward@gmail.com, and . . . that when Plaintiff receives confirmation via tracking pixel that the email giving notice of this lawsuit has been opened, sufficient service of process on the Defendant James L. Steward, Jr., will have occurred.

On June 21, 2012, Kuettel filed a motion for default judgment against Steward, requesting that the circuit court issue a declaratory judgment that Steward's statements about Kuettel were false and that the circuit court issue a permanent injunction prohibiting Steward and his agents, servants, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with Steward ("Restrained Parties") from making any false statements that defame or disparage Kuettel and mandating that the Restrained Parties take all action necessary to request removal from Internet search engines all defamatory, disparaging, libelous, and false statements about Kuettel that Steward had posted on the Internet. Kuettel contended that he was entitled to default judgment pursuant to Arkansas Rule of Civil Procedure 55(a)(1) (2014) because he had successfully served Steward by email on April 27, 2012, and because the deadline to file an answer or otherwise respond—May 29, 2012—had passed with no response filed by Steward. In support of his

assertion that he had successfully served Steward, Kuettel submitted a document containing the following information:

> Your email message Case No. CV2012–270–5 sent on Friday, April 27, 2012 12:41:23 PM successfully read by jameslsteward@gmail.com on Friday, April 27, 2012 3:27:00 PM.

Recipient Tracking Information:

| | |
|---|---|
| Times Read: | 2 |
| Read duration: | More than 3 minutes |
| Times Forwarded: | This Email Hasn't Been Forwarded Yet |
| Recipient IP Address: | 71.236.33.165 |
| Browser: | Chrome 18.0.1025.162, Google Inc |
| Operating System: | Windows Vista, Microsoft Corporation. |
| Supported Applications: | ★/★ |
| Referred From: | Not Available |
| Accessed Via: | Not Available |
| Recipient Language: | en US,en;q=0.8 |
| Recipient Location and ISP: | US, TN, Knoxville, "Comcast Cable," "Comcast Cable" Show Map |

On June 28, 2012, the circuit court entered a default judgment in favor of Kuettel, declared that Steward's statements about Kuettel on the internet are false, and issued a permanent injunction granting Kuettel's requested relief.

Steward filed a motion to set aside default judgment on June 17, 2013, arguing that it should be set aside, pursuant to Rule 55(c)(2) because the judgment was void for

SLIP OPINION

insufficient service of process, or alternatively, it should be set aside pursuant to Rule 55(c)(1) due to mistake or excusable neglect. In an affidavit attached to his motion, Steward stated that, since launching the Justice4Sarah website, he had received thousands of emails, and that often those emails are spam and relegated to his spam folder. He stated that he vaguely remembered receiving an email from someone in Ohio claiming to be a lawyer and that he attempted to open the email but could not, so he discarded it. He also stated that he remembered that the email had attachments, but he was unable to open them. Steward said that, because he had received emails from individuals "often claiming to be lawyers, this one wasn't special, with the exception that I was unable to read the attachments. I just assumed this was another fraud attempt and disregarded it."

Kuettel responded that service was valid because his former attorney had emailed copies of the summons and complaint to jameslsteward@gmail.com on April 27, 2012 and that the tracking pixel confirmed that the email was successfully read by jameslsteward@gmail.com on April 27, 2012. Attached to Kuettel's response was the "Recipient Tracking Information" he had submitted with his motion for default judgment and a screenshot of an email that he alleged had been sent to jameslsteward@gmail.com. The undated email depicted in the screenshot contained the following subject line: "Case No. CV2012-270-5." The email stated, "Attached please find the Summons and Complaint in the above-referenced matter." The email included an attached file, which was named Case No. CV2012-270-5.pdf.

At a hearing on the motion to set aside default judgment, Steward argued that the

alternative method of service permitted by the circuit court did not afford him his due-process rights of notice and an opportunity to be heard. He pointed out that, although Anderson, the private investigator, stated in his affidavit that the tracking pixel would return confirmation when both the email and the attachments were opened, the report attached to the motion for default judgment mentioned nothing about attachments having been opened. As such, Steward contended, there was no proof that he had ever received service of process. Kuettel responded that the service of process by email was proper because it was reasonably calculated to give actual notice. In addition, Kuettel contended that service was valid because he had fully complied with the requirements of the circuit court's order granting his motion for alternative service under Rule 4(e)(5) of the Arkansas Rules of Civil Procedure. After the arguments, the circuit court asked Kuettel if Anderson could verify whether the attachments had been opened. Kuettel was uncertain, so the circuit court left the record open for ten days to allow Kuettel to supplement the record with a response. Thereafter, Kuettel submitted an affidavit from Anderson stating that the email had been opened twice and that the person opening the email "spent more than 3 minutes with the email before closing it, but the attachments were not opened." According to Anderson, "[t]he attachments were standard .pdf documents, so if someone attempted to open them at all, even if they could not read them, it would have triggered the tracking pixel. Therefore, it is my belief based on review of the tracking pixel that the recipient of the email did not try to open the attachments."

In an order entered on October 31, 2013, the circuit court denied the motion to set aside default judgment. Steward appeals.

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. That Rule provides, in pertinent part,

(a) *When Entitled*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.

. . . .

(c) *Setting Aside Default Judgments*. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

This court has recognized that default judgments are not favored by the law and should be avoided when possible. *See, e.g., Se. Foods, Inc. v. Keener*, 335 Ark. 209, 213, 979 S.W.2d 885, 887 (1998). Because of its harsh and drastic nature, which can result in the deprivation of substantial rights, a default judgment should be granted only when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Id.*, 979 S.W.2d at 887.

Our standard of review for an order denying a motion to set aside default judgment depends on the grounds upon which the appellant claims the default judgment should be set aside. In cases in which the appellant claims that the default judgment is void, our review is de novo, and we give no deference to the circuit court's ruling. *See, e.g., Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 435, 246 S.W.3d 883, 886 (2007). In all other cases, we review an order denying a motion to set aside default for abuse of discretion. *Id.*, 246 S.W.3d

at 886.

Steward contends that the circuit court erred in denying his motion to set aside default judgment because the judgment was void for insufficient service of process. Service of process is necessary in order to satisfy the due-process requirements of the United States Constitution. *See, e.g.*, *Meeks v. Stevens*, 301 Ark. 464, 466, 785 S.W.2d 18, 20 (1990). Therefore, when sufficient notice of an action has not been given, and a default judgment has followed, a motion to set aside the judgment must be granted. *Id*. at 466–67, 785 S.W.2d at 20.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *E.g.*, *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003). Our case law is equally well settled that service requirements imposed by rules of this court, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *See id.*, 120 S.W.3d at 530.

In this case, the circuit court granted a motion for alternative service pursuant to Rule 4(e)(5), permitting Kuettel to serve Steward with the summons and complaint in this action via email to the email address listed for Steward on Justice4Sarah. Rule 4(e)(5) states that, "[w]henever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made [a]s directed by the court." As indicated by the rule, alternative methods of service directed by the court must comport with due-process requirements. To meet this requirement, the method of service crafted by the court must be "reasonably calculated, under all the circumstances, to apprise interested parties

of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950). "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id*. at 315.

Assuming, without deciding, that service of process by email may be allowed under Rule 4(e)(5), we cannot say that, under the facts of this case, the alternative method of service crafted by the circuit court was reasonably calculated to give actual notice of the lawsuit. Here, the circuit court ruled that when Kuettel received a confirmation via tracking pixel that the email giving notice of this lawsuit had been opened, sufficient service of process on Steward would have occurred. The circuit court's order did not contain any requirements to better ensure the effectiveness of the notice.

The alternative service of process in this case was insufficient because it was not reasonably calculated to give actual notice to Steward. A default judgment is void under Rule 55(c)(2) if the defendant was improperly served under Rule 4. *E.g.*, *S. Transit Co. v. Collums*, 333 Ark. 170, 175, 966 S.W.2d 906, 908 (1998). Because the default judgment was void because of insufficient service of process, the circuit court erred in denying Steward's motion to set aside default judgment.

Reversed.

*Huffman Butler, PLLC*, by: *Bryan R. Huffman*, for appellant.

*Nick Churchill*, for appellee.