RHONDA K. WOOD, Associate Justice
William Robert Null appeals from the dismissal of his petition for judicial review under the Arkansas Administrative Procedure Act (APA), declaratory relief, and petition for writ of mandamus. We affirm.
Null's petition alleged that on March 28, 2017, the Arkansas Board of Parole (Board) denied him parole for an additional year and subsequently denied his request for reconsideration on May 15, 2017.
*483 According to Null, the Board failed to adhere to the laws and regulations that govern decisions regarding whether an inmate is entitled to release on parole. Null further contended that the Board had violated his right to due process by denying him parole without considering an established set of criteria and without prescribing a course of action to be undertaken by the inmate to rectify the Board's concerns pursuant to the provisions of section 16-93-615(a)(2)(B) (Repl. 2016). The circuit court held that Null failed to state a claim establishing a constitutional violation that would open the door to judicial review or injunctive relief. It denied his petition for writ of mandamus as it found the Board's decision was discretionary.
We review a circuit court's decision to grant a motion to dismiss for an abuse of discretion. Dockery v. Morgan , 2011 Ark. 94, at 6, 380 S.W.3d 377, 382. Under this standard, the facts alleged in the complaint are taken as true and are viewed in the light most favorable to the complainant. Id. For the circuit court to have abused its discretion it must have acted improvidently, thoughtlessly, or without due consideration. GSS, LLC v. CenterPoint Energy Gas Transmission Co. , 2014 Ark. 144, at 8, 432 S.W.3d 583, 588. While we treat the facts as alleged as true, we do not likewise treat a "party's theories, speculations, or statutory interpretation" as such. Fitzgiven v. Dorey , 2013 Ark. 346, 14, 429 S.W.3d 234, 242.
Null contends that the Board failed to follow statutory guidelines and consider all the criteria in denying him, and others, parole eligibility. The record reflects that primarily the Board denied Null parole based on the "seriousness of the crime." In its decision, the Board also made clear that although this was the most significant factor considered in the denial, Null could obtain a more complete explanation for the Board's decision by contacting the institutional parole officer. However, there is nothing in the record that suggests Null took this step. Null contends that the Board did not follow the statutory criteria, but he provides nothing other than speculation for support. Additionally, he does not provide factual support of his claim in relation to other inmates.
We have held that "there is no constitutional right to parole." Michalek v. Lockhart , 292 Ark. 301, 303, 730 S.W.2d 210, 211 (1987). In addition, Null failed to plead facts sufficient that, even if taken as true, entitled him to declaratory relief. Therefore, we cannot find that the circuit court abused its discretion in finding that Null's speculative claim could not survive a motion to dismiss. Likewise, there was no error in the denial of the writ of mandamus.
Affirmed.