Cite as 2025 Ark. App. 495

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-24-520

|  |  |  |
|---|---|---|
| DARLETTE EWING | | Opinion Delivered October 22, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCV-21-95] |
| V. | | |
| LEA SCHMALZ | | |
| | APPELLEE | HONORABLE TERRY SULLIVAN, JUDGE |
| | | AFFIRMED |

**CINDY GRACE THYER, Judge**

Darlette Ewing appeals the Logan County Circuit Court's order denying her motion to set aside entry of a default judgment against her and in favor of Lea Schmalz.[1] She argues that the court erred in denying her motion to set aside the default judgment because the default was largely technical, Schmalz was not prejudiced by any delay, and there is a meritorious defense to the action. Finding no error, we affirm.

---

[1]This is the second time this case has been before us. In *Ewing v. Schmalz*, 2024 Ark. App. 127, 686 S.W.3d 25, we affirmed the circuit court's grant of default judgment and its award of attorney's fees. A complete recitation of the underlying facts of this case can be found in our earlier opinion. *See id.*

This is a dispute over a 1979 Chevrolet Corvette. The car was originally titled in the name of "Schluterman, Frank Edward or Schmalz, Lea." When Frank died in November 2020, the Corvette was in the possession of his daughter, Darlette Ewing.

On October 4, 2021, Schmalz, claiming to be the car's rightful owner, filed suit against Ewing for replevin, conversion of personal property, unjust enrichment, and trespass to chattel. She sought return of the vehicle, damages, and attorney's fees. Ewing was served with the complaint but failed to file a timely answer.[2]

Schmalz subsequently moved for a default judgment. The court granted the motion, and after a hearing on damages, entered a final order and judgment ordering the return of the car to Schmalz and awarding Schmalz damages. The court also awarded Schmalz attorney's fees and costs.

Ewing moved for reconsideration and asked for the default judgment to be set aside. She argued that the equitable doctrines of waiver and laches precluded Schmalz's right to a default judgment. She further claimed that the default was largely technical; that Schmalz was not prejudiced by any delay; that she was ready to defend and had been defending the action; and that she had a meritorious defense to the action—ownership of the car.

The circuit court denied Ewing's motion to set aside the default judgment in April 2024. Ewing filed a timely notice of appeal from that order, claiming that the circuit court erred in denying her motion to set aside the default judgment.

---

[2]The answer was filed approximately twelve days late.

Despite default judgments being disfavored by courts, issuing a default judgment when a defendant fails to timely respond to a complaint under Arkansas Rule of Civil Procedure 55 is not an error of law or against the preponderance of the evidence. *Comeau v. Still*, 2025 Ark. App. 429. However, the court may still, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c).

Our standard of review from an order denying a motion to set aside a default judgment depends on the grounds upon which the appellant is claiming that the default judgment should be set aside. *Comeau*, *supra*; *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases where we review a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.* Because Ewing has not claimed that the default judgment is void, we review the circuit court's decision in this case for an abuse of discretion.

When a party opposes a motion for default judgment, a showing of one of the four enumerated reasons in Rule 55(c) is a "threshold" matter that must be satisfied before considering whether the defaulting party has a meritorious defense. In *Nissan North America, Inc. v. Harlan*, 2017 Ark. App. 203, at 8–9, 518 S.W.3d 89, 95, this court held that Rule 55(c) "requires a two-step analysis before a defaulting defendant can succeed in having a

default judgment set aside," and the first step is demonstrating "that one of the four enumerated categories of legally acceptable reasons or excuses existed to justify setting aside the default judgment." When the threshold issue is not met, this court will not reach the second step of the analysis. *Id.*

On appeal, Ewing asserts that the circuit court erred in denying her motion to set aside, arguing, first, that the late filing of her answer was the result of a mistake on her part and, second, that she has a meritorious defense to the action. More specifically, she claims that she believed the circuit court had extended the time for filing the answer when it continued the initial hearing so that she could retain counsel. She claims such a mistake was sufficient to support the setting aside of the default judgment under Rule 55(c)(1). As for her meritorious defense, she claims that her father, Frank, gave her the car and that her claimed ownership in the car constitutes a meritorious defense. Neither argument supports her claim that the circuit court abused its discretion in denying the motion to set aside.

First, the court's order continuing the hearing specifically instructed Ewing to review the summons and complaint and to direct her actions accordingly. The summons clearly informed Ewing that she must file a written answer to the complaint within thirty days of the service of the summons. She did not do so.

Ewing claims her failure to timely answer the complaint was the result of an honest, excusable mistake. However, the record reveals she also failed to meet other deadlines—her response to the motion for default judgment was untimely as was her filing of the pretrial report. There has been no explanation for these lapses. Given Ewing's continued failure to

meet other court-related deadlines, the court could have simply determined that her excuse for the late filing of her answer was not credible. This court shall give due regard to the opportunity of the circuit court to judge the credibility of witnesses. Ark. R. Civ. P. 52(a).

Regardless, even if this court were to decide that Ewing had satisfied her burden of proving that her failure was the type of excusable mistake for which a default judgment could be set aside, she has failed to prove the existence of a meritorious defense. Ewing asserted below and on appeal that her father gave her the vehicle, yet she provided no evidence that he ever transferred title to her. In fact, in her answer in which she claimed ownership of the Corvette, she attached a photograph of a title in which her father allegedly signed the vehicle over to someone named Toby Tygart. There are also text messages in the record in which someone claiming to be Ewing's husband states that Ewing's father had signed the car over to him. Thus, Ewing's claim of ownership is unsupported by the record and is rebutted in part by evidence she, herself, introduced. A naked allegation that a party has a meritorious defense does not warrant setting aside a default judgment. *See Roe v. Somach*, 2024 Ark. App. 527, 699 S.W.3d 749. Thus, Ewing has failed in her burden of proof on this prong as well.

In light of the foregoing, the circuit court did not abuse its discretion in denying Ewing's motion to set aside. Accordingly, we affirm.

Affirmed.

BARRETT and WOOD, JJ., agree.

*The Firm, PLLC*, by: *S.L. Smith*, for appellant.

*Law Offices of Craig L. Cook*, by: *Brinkley Cook-Campbell*, for appellee.