Cite as 2026 Ark. App. 140

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-727

| | |
|---|---|
| MARVIN LEWIS, JR.<br><br>APPELLANT<br><br>V.<br><br>TWIN RIVERS PINE BLUFF, LLC<br>APPELLEE | Opinion Delivered February 25, 2026<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-23-142]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Marvin Lewis, Jr., appeals the orders of the Jefferson County Circuit Court setting the default judgment in his favor aside and dismissing his second amended complaint with prejudice. Appellant argues that the circuit court abused its discretion when it set aside his default judgment against appellee Twin Rivers Pine Bluff and that it erred and abused its discretion when it dismissed his second amended complaint. We affirm.

Appellant filed a charge of racial discrimination against appellee with the Equal Employment Opportunity Commission (EEOC) on September 21, 2021. The charge stated:

> I was hired July 3, 2013; my current position is Loader Operator. In May 2021, I bid for a Journeyman 3 position; the position was not filled. In June, a Journeyman I position was advertised to the public.
>
> I was told that I would not be selected for the position because I didn't meet the qualifications.

I believe that I was subjected to the above because of my race (black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Appellant received a determination and notice of rights on November 23, 2022. The EEOC stated that it would not proceed further with its investigation. It informed appellant that he had the right to sue appellee in federal or state court but that the suit must be filed within ninety days of appellant's receipt of the notice. Appellant filed a complaint on February 21, 2023, alleging racial discrimination against appellee for failure to promote. Appellant filed an amended complaint on March 24 again alleging racial discrimination based on failure to promote. Appellant alleged the following facts:

4. On July 3, 2013, Twin Rivers hired Plaintiff for the position of recovery. Later, his positions were utility, shipping, loader operator, and currently wood bark/chip handler. When he applied for the position at issue in this matter, Plaintiff was a loader operator. He has worked in the Production Department since his initial hire.

5. On May 6, 2021, Plaintiff applied for the position of journeyman III (millwright), a higher-paying job, in the Maintenance Department in response to a posting dated May 5, 2021. On May 24, 2021, Plaintiff interviewed with Joe Skidmore, a white reliability engineer. Twin Rivers did not hire a person for the two journeyman III positions, which had been advertised to the public, at that time.

6. Twin Rivers did not hire anyone to become journeyman III because it had been caught in a deception. Journeyman I is the entry-level position for millwright. Journeyman III can only be obtained if the entry-level hire receives certification in two secondary crafts as provided by the collective bargaining agreement (CBA) with United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW), Local Union Nos 13-935 and 13-936. By posting the requirements for a journeyman III, Twin Rivers tried to deter internal applicants, including Plaintiff. Once Plaintiff's union president, Alonzo Ramey pointed out this discrepancy to Human Resources, Twin Rivers issued a new posting that advertised for two journeyman I millwrights.

7. Twin Rivers hired two white males, Heath Swain and Seth Sadler, for the journeyman III position. Swain and Sadler were external applicants. The company

ostensibly did not hire Plaintiff over these two men because he did not have either a four-year apprenticeship or at least five years of industrial millwright or the equivalent experience. The relevant provision of the CBA, however, only requires formal training or work experience. Although Plaintiff was not trained as an apprentice, he did possess the relevant work experience to be a journeyman I millwright by having worked in different departments throughout the mill.

8. The position for which Plaintiff is making a race discrimination claim is the position that was filled without a posting. On September 8, 2021, Twin Rivers hired Jackson Burnett, who is white, to be a journeyman I millwright. Plaintiff did not have the opportunity to apply again since the position was not posted. He had clearly expressed his interest in the position by applying in May 2021 and subsequently participating in a meeting where he complained to decision makers about not being promoted. Plaintiff was clearly more qualified than Burnett who had only recently turned nineteen years of age at the time of his hire. His age made it impossible for him to either have undergone a five-year apprenticeship or have the work experience requirement that Twin Rivers had imposed upon Plaintiff. Indeed, the apprenticeship and work experience requirement were a pretext for racial discrimination.

9. On September 21, 2021, Plaintiff filed a Charge of Discrimination alleging race discrimination with the Equal Employment Opportunity Commission (EEOC). On November 23, 2022, the EEOC issued a Determination and Notice of Rights to Plaintiff.

Appellant maintained that appellee failed to promote him because of his race, which led to humiliation and embarrassment. For relief, appellant sought a promotion to the journeyman I position as well as compensatory and punitive damages, back pay, front pay, attorney's fees and costs, and all other appropriate relief to which he was entitled. The summons, amended complaint, and first set of interrogatories and requests for production of documents were served on appellee's agent for service of process, Corporation Service Company, on March 30. Appellant moved for default judgment on May 5 because appellee

3

had failed to respond within the time prescribed. The circuit court entered default judgment against appellee on May 17. Appellee's attorneys entered their appearance on May 19.

Appellee filed a motion to set aside the default judgment and an accompanying brief on May 19. Appellee contended that the default judgment should be set aside under Arkansas Rule of Civil Procedure 55(c) because of insufficient service, timely response to appellant's motion for default judgment, untimeliness of appellant's Arkansas Civil Rights Act (ACRA) claim, excusable neglect on appellee's part, and appellant's claim was inadequate. Appellee also stated that the judgment should be set aside for "any other reason justifying relief from the operation of the judgment." Appellee included the following as its meritorious defenses to appellant's action against it: appellee's timely response to the motion for default judgment, the issues with service, the untimeliness of appellant's sole ACRA claim, appellant's failure to meet the pleading standards under Arkansas Rule of Civil Procedure 12(b)(6), and appellant's failure to join an indispensable party whose interests are affected by the entry of the default judgment. Appellee included an affidavit by Leslie Vlisides stating that appellant and three other white employees had been interviewed for the position and found to be unqualified, resulting in no one being promoted. Vlisides also stated that appellee never received a copy of the documents before appellant's motion for default judgment was filed. Appellant's EEOC charge was also included as an exhibit. Appellee filed a motion to dismiss appellant's first amended complaint and an accompanying brief on May 19, alleging that (1) appellant failed to plead sufficient facts to support his ACRA claim of failure to promote on the basis race; (2) appellant failed to join an

4

indispensable party—United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers' International Union (USW) and its Local Union Nos. 13-935 & 936; and (3) appellant's ACRA claim is untimely under either of the limits set forth in the statute. Appellee included a copy of its union labor agreement as an exhibit. Appellant filed a response and an accompanying brief to appellee's motion to set aside default judgment on June 6. Appellant denied the material allegations of appellee's motion. Appellant did, however, admit the following: (1) that more than a year had passed between the alleged unlawful employment action on September 8, 2023, and his filing of his original complaint on February 21, 2023; (2) that his cause of action cannot be considered timely under the one-year provision of ACRA; and (3) that he listed the earliest and latest date in his EEOC charge as May 5, 2021, but he also mentioned that the position was advertised in June 2021. He asked the circuit court to deny appellee's motion to set aside. Appellant filed a motion to strike appellee's motion to dismiss along with an accompanying brief on June 6, 2023. He contended that the motion to dismiss should be struck because the allegations in the motion were immaterial under Arkansas Rule of Civil Procedure 12(f). He stated that he pled sufficient facts in this amended complaint; that the union is not required to be joined as a party to the action; and that his race-discrimination claim is timely under ACRA because he filed his original complaint ninety days after receiving the document from EEOC.

Appellee filed a reply to support its motion to set aside default judgment on June 13 reiterating that the default judgment should be set aside and outlining its defenses. Appellee included affidavits of Paul Hebert and Jeffrey J. Conn as exhibits. Hebert, the manager of

5

information technology infrastructure services for appellee, stated that he searched the system for emails from appellee's treasury manager, Adam Desrosier, between March 22 and May 17, 2023, and was able to find only three emails dated May 15, 2023. Conn stated that he is the chairman of Clark Hill PLC and that the firm represents appellee in a variety of corporate matters; however, he denied that Clark Hill represents appellee in employment-discrimination matters. He said that Clark Hill uses Corporation Service Company, the registered agent for appellee, for the purpose of corporate filings on behalf of appellee in Arkansas. He stated that he received the amended complaint on March 31, 2023, and that his usual practice is to send the correspondences to Desrosier by the end of the day he receives it. He said that he did not forward the items to Desrosier until May 15 after he was contacted by Desrosier regarding the amended complaint. Appellee filed a response to appellant's motion to strike and a reply in support of appellee's motion to dismiss on June 21, essentially asking the circuit court to deny appellant's motion to strike and to grant appellee's motion to dismiss. Appellee filed a supplemental brief to its motion to set aside the default judgment on November 21. In the brief, appellee argued that the default judgment should be set aside due to appellant's amended complaint failing to state a claim upon which relief can be granted, or alternatively, it should be set aside due to mistake, inadvertence, and/or excusable neglect.

A motions hearing took place on November 14. The circuit court filed an order on April 5, 2024, setting aside the order of default judgment against appellee due to appellant's failure to state a claim upon which relief could be granted. The circuit court gave appellant

6

thirty days from the entry of the order to file a second amended complaint. Appellant filed

a second amended complaint on May 6. It stated the following in pertinent part:

4. On July 3, 2013, Twin Rivers hired Plaintiff for the position of recovery. Later, his positions were utility, shipping, loader operator, and currently a loader/chip barker handler. He has worked in the Production Department since his initial hire.

5. On May 6, 2021, Plaintiff applied for the position of journeyman III (millwright), a higher-paying job, in the Maintenance Department in response to a posting dated May 5, 2022. *Exhibit 1, Job Bid and Maintenance/Journeyman III - Millwright Signup Sheet.* On May 24, 2021, Plaintiff interviewed with Joe Skidmore, a white reliability engineer. Twin Rivers did not hire a person for these two vacancies, which had been advertised to the public, at that time.

6. Twin Rivers did not hire anyone to become journeyman III because it had been caught in a deception. Journeyman I is the entry-level position for millwright. Journeyman III can only be obtained if the entry-level hire receives certification in two secondary crafts as provided by the collective bargaining agreement (CBA) with United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW), Local Union Nos 13-935 and 13-936. By posting the requirements for a journeyman III, Twin Rivers tried to deter internal applicants, including Plaintiff. Once Plaintiff's union president, Alonzo Ramey, pointed out this discrepancy to Human Resources, Twin Rivers issued a correction on June 22, 2021. *Exhibit 2, Bulletin Board Notice.* On or about June 30, 2021, Plaintiff and Ramey met with an all-white representation from management and human resources, who told them that Plaintiff was not qualified to be a journeyman I.

7. Later that summer, Twin Rivers hired two white males, Heath Swain and Seth Sadler, for the journeyman I vacancies. Swain and Sadler were external applicants. The company ostensibly did not hire Plaintiff over these two men because he did not have either a four-year apprenticeship or at least five years of industrial millwright or the equivalent experience. The relevant provision of the CBA, however, only requires formal training or work experience. Although Plaintiff was not trained as an apprentice, he did possess the relevant work experience to qualify him to be a journeyman I millwright by having worked in different departments throughout the mill. While working in the recovery, shipping, and woodyard departments, Plaintiff assisted millwrights at positions of journeyman I, II, or III in installing, maintaining, repairing, dismantling, or moving machinery within the plant. Plaintiff had also

7

earned 120 credits towards an associate degree in industrial tech at Southeast Arkansas College (SEARK).

8. The position for which Plaintiff is making a race discrimination claim is the position that was filled without a posting with a similarly-situated white man. On September 8, 2021, Twin Rivers hired Jackson Burnett, who is white, to be a journeyman I millwright. Plaintiff did not have the opportunity to apply again since the position was not posted. He had clearly expressed his interest in the position by applying for the journeyman III (later described as journeyman 1 by Defendant) vacancies and subsequently participating in a meeting on or about June 30, 2021, where he complained to white decision makers about not being promoted to journeyman I. Any further application by Plaintiff for the journeyman I position would have been futile anyway because Defendant had told him that he was not qualified for the position.

9. Plaintiff was clearly more qualified than Burnett who had only recently turned nineteen years of age at the time of his hire. His age made it impossible for him to either have undergone a five-year apprenticeship or have the work experience requirement that Twin Rivers had imposed upon Plaintiff. Indeed, the apprenticeship and work experience requirement were a pretext for racial discrimination against Plaintiff.

10. On September 21, 2021, Plaintiff filed a Charge of Discrimination alleging race discrimination with the Equal Employment Opportunity Commission (EEOC). On November 23, 2022, the EEOC issued a Determination and Notice of Rights to Plaintiff.

Appellee filed a motion to dismiss appellant's second amended complaint and an accompanying brief on May 28. It alleged three reasons that the circuit court should dismiss the complaint: (1) appellant's ACRA claim is untimely under either of the time limits set forth in Arkansas Code Annotated section 16-123-107(c)(4);[1] (2) appellant failed to pled sufficient facts to support his ACRA claim; and (3) appellant failed to join USW, which appellee contended was an indispensable party. Appellant's time to respond to appellee's

---

[1](Repl. 2016).

motion to dismiss was extended by an order filed on June 10. Appellant filed a response and an accompanying brief on June 19, contending that its discrimination claim was timely under ACRA, that it pled sufficient facts for which relief can be granted, and that USW was not required to be joined as a party. Appellant asked the circuit court to deny appellee's motion. Appellee replied on June 25, reiterating the reasons it sought to have appellant's second amended complaint dismissed. The circuit court entered an order on July 11 dismissing appellant's second amended complaint with prejudice. Appellant filed his notice of appeal on August 8.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.[2] Pursuant to Rule 55(c), the court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.[3]

---

[2]Ark. R. Civ. P. 55(a).

[3]Ark. R. Civ. P. 55(c).

We have stated that we review a circuit court's grant of a motion to set aside default judgment for abuse of discretion.[4] However, if it is alleged that the judgment is void, we use a de novo review.[5] This court has recognized that default judgments are not favored by the law and should be avoided when possible.[6] Because of its harsh and drastic nature, which can result in the deprivation of substantial rights, a default judgment should be granted only when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner.[7]

Appellant contends that the circuit court abused its discretion by granting appellee's motion to set aside the default judgment against it. Appellee alleged that the default judgment should be set aside for a few reasons, including that appellant's amended compliant failed to state facts upon which relief could be granted. Appellant brought a complaint under the ACRA. The ACRA provides citizens of this state legal redress for civil-rights violations of state constitutional or statutory provisions, hate offenses, and discrimination offenses.[8] The Act unequivocally grants to qualified persons the right to be free from employment discrimination "because of race."[9] Because appellant had direct

---

[4]*Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004).

[5]*Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672.

[6]*Id.*

[7]*Id.*
[8]*See Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

[9]Ark. Code Ann. § 16-123-107(a)(1).

evidence of discrimination, we use the shifting-burden test found in *McDonnell Douglas Corp. v. Green*.[10] Under *McDonnell Douglas*, the complainant bears the initial burden of establishing a prima facie case of racial discrimination.[11] In this case, appellant had to establish a prima facie case of race discrimination for failure to promote by showing (1) that he belongs to a protected class; (2) that he was qualified for the position; (3) that he was rejected for the position; and (4) that the position was given to similarly situated employees who are outside the protected class.[12] Once a prima facie case is established, a rebuttable presumption shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for the employee's rejection.[13] If the employer articulates such a reason, the presumption disappears, and the plaintiff bears the burden of proving that the employer's proffered reason is merely a pretext for discrimination.[14]

In his first amended complaint, appellant proved that he was part of a protected class and that he did not receive the position of journeyman I. However, appellant failed to state facts showing that he was qualified for the position; in fact, he stated that he was told he was

---

[10]411 U.S. 792 (1973).

[11]*See Id.*

[12]*See Jordan v. City of Gary, Ind.*, 396 F.3d 825 (7th Cir. 2005).

[13]*McDonnell Douglas*, *supra*.

[14]*Id.*

not qualified for it, and he also failed to show that he and Burnett were similarly situated. Thus, appellant failed to state facts upon which relief could be granted under ACRA.

However, our inquiry does not stop here. Even though appellant's complaint failed to state facts upon which relief could be granted, appellee had to provide a meritorious defense. Appellee listed three main defenses to the action: appellant's ACRA claim was untimely under either of the time limits set forth in Arkansas Code Annotated section 16-123-107(c)(4); (2) appellant failed to plead sufficient facts to support his ACRA claim; and (3) appellant failed to join USW, which appellee contended was an indispensable party. We agree with appellee that appellant's complaint was time-barred under section 16-123-107(c)(4), which states that an action for discrimination under ACRA must be brought within one year after the alleged employment discrimination occurred or within ninety days of receipt of a right to sue letter or a notice of determination from the EEOC. Appellant contended in his first amended complaint that the action of discrimination that was the subject of his filing took place on September 8, 2021. He admitted that more than a year had passed before he filed his complaint in February 2023. However, he contended that his original complaint was filed within ninety days of his receiving his document from the EEOC. Although appellant is correct that the complaint was filed within ninety days of receiving notice from the EEOC, he ignores the fact that the charge he made to the EEOC did not mention or otherwise include the event of which he now complains, even though Burnett had been hired before appellant filed the charge with the EEOC. Thus, it makes no difference that appellant filed the complaint within the prescribed ninety days because

12

there was no way of knowing that Burnett's hiring was the cause of his charge.[15] Accordingly, appellee had a meritorious defense to appellant's action, and that defense was that the action was time-barred by the relevant statute.[16] We affirm the circuit court's decision to set aside the default judgment against appellee.

Appellant also argues that the circuit court erred and abused its discretion when it dismissed his second amended complaint. When reviewing a circuit court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.[17] All reasonable inferences are resolved in favor of the complaint, and the pleadings are liberally construed.[18] Under our fact-pleading requirement, a complaint must state facts, not mere conclusions, to entitle the pleader to relief.[19] While we treat the facts as alleged as true, we do not treat the party's theories, speculations, or statutory interpretations as such.[20] Allegations that are speculative and conclusory are always properly

---

[15]*See Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530 (8th Cir. 2018).

[16]We note that appellant's failure to state facts on which relief could be granted in his complaint also demonstrates a meritorious defense for purposes of setting aside default judgment. *See Hubbard v. Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993).

[17]*Muntaqim v. Kelley*, 2022 Ark. App. 76, 641 S.W.3d 35.

[18]*Id.*

[19]*Id.*; *see also* Ark. R. Civ. P. 8(a).

[20]*Null v. Ark. Parole Bd.*, 2019 Ark. 50, 567 S.W.3d 482.

dismissed.[21] Although a plaintiff is not required to establish a prima facie case of discrimination at the motion-to-dismiss stage, the *McDonnell Douglas* elements are relevant to a Rule 12(b)(6) determination and can be used to determine whether a plaintiff has stated a claim of discrimination.[22]

Treating the facts in appellant's second amended complaint as true, it still fails. The second amended complaint failed to set out the elements needed for a prima facie case of racial discrimination. As with his first amended complaint, appellant did not show or allege that he was qualified for the position; he claimed only that he had assisted the different grades of journeymen and had performed certain actions with the machinery within the plant. Appellant also failed to show how he and Burnett were similarly situated. In fact, appellant claimed that he was more qualified than Burnett. Because appellant failed to pled a sufficient cause of action for race discrimination under the ACRA, we affirm.

Affirmed.

ABRAMSON and THYER, JJ., agree.


*Walker & Childs, PLLC*, by: *Shawn G. Childs*, for appellant.

*Rose Law Firm, a Professional Association*, by: *J. Bruce Cross* and *Ross E. Simpson*, for appellee.

---

[21]*Muntaqim v. Payne*, 2021 Ark. 162, 628 S.W.3d 629.

[22]*Blomker v. Jewell*, 831 F.3d 1051 (8th Cir. 2016).